**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff - Appellee,* v. DAVID WAYNE DEPAPE, *Defendant - Appellant.* | No. 24-3458 D.C. No. 3:22-cr-00426-JSC-1 OPINION |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Argued and Submitted December 10, 2025
San Francisco, California

Filed March 25, 2026

Before: Patrick J. Bumatay, Anthony D. Johnstone, and
Ana de Alba, Circuit Judges.

Opinion by Judge Bumatay

2 USA v. DePape

# SUMMARY[*]

## Criminal Law

Affirming David Wayne DePape's sentence, the panel held that, where the sentencing court violates Fed. R. Crim. P. 32 by not affording a defendant the right to allocute, the sentencing court can correct the error as an "arithmetical, technical, or other clear error" under Fed. R. Crim. P. 35(a).

Failing to afford a defendant his Rule 32 allocution right is unquestionably erroneous and is thus correctable as "other clear error" under Rule 35(a). The district court therefore properly re-sentenced DePape under Rule 35(a) after giving him a chance to personally address the court.

The panel affirmed DePape's convictions in a concurrently filed memorandum disposition.

## COUNSEL

Ross D. Mazer (argued), Helen L. Gilbert, and Kyle F. Waldinger, Assistant United States Attorneys; Merry J. Chan, Chief, Appellate Section, Criminal Division; Craig H. Missakian, United States Attorney; Office of the United States Attorney, United States Department of Justice, San Francisco, California; for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Todd M. Borden (argued) and Angela Chuang, Assistant Federal Public Defenders; Jodi Linker, Federal Public Defender; Office of the Federal Public Defender, San Francisco, California; for Defendant-Appellant.

---

**OPINION**

BUMATAY, Circuit Judge:

A criminal defendant has a right to personally address the sentencing court before any sentence is imposed. Fed. R. Crim. P. 32(i)(4)(A)(ii). But what happens when a sentencing court violates Rule 32 by not affording a defendant the right to allocute? Can the sentencing court correct the error as an "arithmetical, technical, or other clear error" under Federal Rule of Criminal Procedure 35(a)? Under the plain text of Rule 35(a), the answer is yes.

We thus affirm David Wayne DePape's sentence.[1]

**I.**

After a jury trial, David Wayne DePape was convicted of attempting to kidnap a federal officer under 18 U.S.C. § 1201(d) and assaulting a family member of a federal official under 18 U.S.C. § 115(a)(1)(A). At DePape's sentencing hearing, the district court heard from counsel for both DePape and the government. But the district court did not ask DePape if he wanted to address the court personally, as Rule 32 requires. The district court then sentenced

---

[1] In a concurrently filed memorandum disposition, we also affirm DePape's convictions.

DePape to the statutory maximum—concurrent sentences of 240 months on the first count and 360 months on the second. Later that afternoon, the government realized the mistake. It moved to reopen sentencing under Rule 35(a), noting the failure to allow DePape the opportunity to allocute. DePape opposed the motion.

The next day, the district court granted the government's motion, vacated its prior sentence, and scheduled a new sentencing hearing. DePape opposed reopening the hearing, arguing that doing so would exceed Rule 35(a)'s narrow scope. Eleven days after the initial sentencing hearing, after receiving briefing on the issue from DePape and the government, the district court reopened sentencing. This time, DePape allocuted and apologized for his actions. The district court reimposed a sentence identical to the one from the initial hearing.

DePape appeals his sentence, arguing that the district court improperly resentenced him under Rule 35(a). We review de novo whether the district court had authority to modify its judgment under Rule 35(a). *United States v. JDT*, 762 F.3d 984, 1005 (9th Cir. 2014).

## II.

### A.

Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). We have not yet addressed whether a violation of Rule 32's right to allocute constitutes an "arithmetical, technical, or other clear error" that may be corrected under Rule 35(a). The government argues that the

Rule 32 error falls within the category of "other clear error." We agree.

As always, we start with the text. *United States v. Myers*, 136 F.4th 917, 921 (9th Cir. 2025). First, let's define "arithmetical" and "technical" error. While neither party contends that the Rule 32 error is an "arithmetical" or "technical" error, their definitions help us understand the meaning of "other clear error." Any grade schooler can tell us what an "arithmetical" error is. It involves a numerical error of "addition, subtraction, multiplication, [or] division." American Heritage Dictionary (3d ed. 1996). And a "technical" error is one involving "strict legal interpretation." *United States v. Engstrom*, 166 F.4th 835, 843 (9th Cir. 2026) (quoting *Technical*, Oxford English Dictionary (online ed. 2009)).

Second, "clear error" is a "legal term of art," *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for So. Cal.*, 508 U.S. 602, 652 (1993) (Thomas, J., concurring in part), and refers to "[a] trial judge's decision or action that appears to a reviewing court to have been unquestionably erroneous," Black's Law Dictionary (7th ed. 1999). And "other," in this context, denotes a thing that is "[s]eparate or distinct from that or those already specified or implied." *Other*, Oxford English Dictionary (online ed. 2004). So "other clear error" here means an "unquestionably erroneous" decision that's different from a "technical" or "arithmetical" error.

With that context in mind, the failure to afford a defendant his allocution right under Rule 32(i)(4)(A)(ii) is "other clear error" that may be corrected under Rule 35(a). Generally, "the failure of the district court to follow the procedures of Rule 32 constitutes clear error." *United States*

*v. Bigman*, 906 F.2d 392, 395 (9th Cir. 1990) (simplified). Rule 32 unambiguously requires that "[b]efore imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). We've recognized that allocution is a "vital part of the sentencing process." *Boardman v. Estelle*, 957 F.2d 1523, 1526 (9th Cir. 1992). Indeed, "[a]s early as 1689, it was recognized that the court's failure to ask the defendant if he had anything to say before sentence was imposed required reversal." *Green v. United States*, 365 U.S. 301, 304 (1961) (plurality) (simplified); *see also United States v. Behrens*, 375 U.S. 162, 167 (1963) (Harlan, J., concurring) (describing Rule 32 as "embod[ying]" an "elementary right").

A Rule 32(i)(4)(A)(ii) error is so clear that, "when a district court *could have* lowered a defendant's sentence, we . . . presume[] prejudice and remand[.]" *United States v. Gunning*, 401 F.3d 1145, 1149 (9th Cir. 2005). Multiple sister circuits likewise describe a Rule 32(i)(4)(A)(ii) violation as "clear." *See, e.g.*, *United States v. Adams*, 252 F.3d 276, 286 (3d Cir. 2001) (a district court's error in failing to personally address a defendant before sentencing was "plain, because it was clear or obvious" (simplified)); *United States v. Reyna*, 358 F.3d 344, 350 (5th Cir. 2004) (calling failure to follow Rule 32's "clear language" an "obvious or plain" error); *United States v. Hernandez-Espinoza*, 890 F.3d 743, 747 (8th Cir. 2018) ("[T]he failure to give the defendant the right of allocution is clear error that requires a reversal."); *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1133 (10th Cir. 2017) (explaining that "failure to personally address the defendant and offer an opportunity to allocute" is "a clear failure of the trial court"). And we've

agreed that the violation of the analogous Rule 32.1 allocation right, which "is clearly not substantively different from the right to allocute under Rule 32," is a "clear or obvious" error. *United States v. Daniels*, 760 F.3d 920, 924–25 (9th Cir. 2014) (simplified).

Given this precedent, failing to afford a defendant his Rule 32 allocution right is unquestionably erroneous and falls within Rule 35(a)'s "other clear error." *See United States v. Delgado*, 256 F.3d 264, 279 (5th Cir. 2001) (calling Rule 35(a)'s predecessor provision "the most appropriate authority under which the district [court] could resentence [the defendant] and correct the clear error of failing to afford him his right to allocute"). Thus, the district court properly re-sentenced DePape under Rule 35(a) after giving him a chance to personally address the court. *See* 18 U.S.C. § 3582(c)(1)(B) (permitting courts to modify a prison sentence if "expressly" permitted by Rule 35).

**B.**

DePape makes several arguments that his sentencing was invalid under Rule 35(a). None are persuasive.

Following the Third Circuit, DePape argues that Rule 35(a)'s "other clear error" should be limited to errors "akin to arithmetical or a technical error," such as "the failure to impose a mandatory term of imprisonment, a mandatory fine, or a mandatory order of restitution," which "produce illegal sentences outside of a court's discretion." *See United States v. M. M.*, 23 F.4th 216, 220–21 (3d Cir. 2021) (simplified). It is true that, under the canon of *ejusdem generis*, "a general phrase can be given a more focused meaning by the terms linked to it." *Fischer v. United States*, 603 U.S. 480, 488 (2024). But this does not help DePape. Even if we were to give "clear error" a narrower reading, a

Rule 32(i)(4)(A)(ii) violation would still fit. Like an arithmetical error, such as miscalculating the sentencing guidelines, or a technical error, such as failing to impose a mandatory sentence, denying a defendant the right to allocute is a procedural error that is readily discernible from the sentencing record and requires correction whenever a lower sentence is possible. *See Engstrom*, 166 F.4th at 843 (suggesting that "arithmetical and technical errors" are "easily identifiable and readily ascertained from the sentencing proceeding and judgment" (simplified)).

DePape next argues that Rule 35(a) is inappropriate here because resentencing after a belated allocution requires the reexercise of the sentencing court's discretion. According to DePape, any error requiring the use of sentencing discretion falls out of Rule 35(a)'s scope. But that's wrong. While it's true that correcting a Rule 32(i)(4)(A)(ii) violation may result in reconsideration of the sentencing factors, *see Gunning*, 401 F.3d at 1147 (the sentencing court must "listen and give careful and serious consideration" to the defendant's allocution) (simplified), nothing in Rule 35(a)'s text limits its scope in this way. Indeed, an "arithmetical error" involving the Guidelines calculations—which unquestionably falls within Rule 35(a)'s purview—often requires reapplication of the discretionary 18 U.S.C. § 3553(a) factors. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) ("Guidelines are the starting point and the initial benchmark" and must "be kept in mind" during "consider[ation] [of] the § 3553(a) factors[.]" (simplified)). And we've already held that a district court commits a "clear error of a technical kind" when it sentences a defendant based on a mandatory-minimum sentence when it thought safety-valve relief applied, and that the district court would have "had the latitude under Rule 35 to correct its perceived

technical error" by re-sentencing under the discretionary § 3553 factors afresh. *Engstrom*, 166 F.4th at 843. So we see no reason to exclude a Rule 32(i)(4)(A)(ii) violation from the definition of Rule 35(a)'s "other clear error" just because the district court might exercise some discretion in "correct[ing] a sentence." *See* Fed. R. Crim. P. 35(a). After all, correcting the allocution error doesn't require the district court to revisit its prior factual findings, its resolution of any disputed Guidelines issues, or any other previously resolved issues.

Finally, DePape contends that the district court violated his right to due process because it granted the government's Rule 35(a) motion less than 24 hours after the government filed it, without adversarial briefing, and despite DePape's opposition to the motion. We see no due process violation. The district court gave DePape four days to respond to the government's motion to reopen sentencing, did not reopen sentencing until it received his opposition briefing, and addressed his arguments against the applicability of Rule 35(a) in a well-reasoned order. *See United States v. Montoya*, 82 F.4th 640, 650 n.13 (9th Cir. 2023) (explaining that due process in criminal proceedings is generally satisfied with notice and an adequate opportunity to be heard).

## III.

A district court's failure to afford a defendant the allocution right is unquestionably erroneous and is thus correctable as "other clear error" under Rule 35(a).

**AFFIRMED**.